THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS DÍAZ VÁZQUEZ ET AL., Defendants and Appellants.

No. 9346. Argued July 6, 1942.—Decided July 30, 1942.

*Ramón S. Pesquera* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The complaint filed in the Municipal Court of Bayamón reads as follows:

"During the year 1940 and in the grocery store of Obdulio Correa, Dr. Veve Street, No. 88, in the municipal judicial district of Bayamón, P. R., which forms part of the judicial district of Bayamón, P. R., the said defendants, Jesús Díaz Vázquez and Ramón Martínez Cortés, then and there, unlawfully, wilfully, and maliciously, acting jointly and by mutual accord and with the criminal intent to defraud the commercial firm of Correa Hermanos, doing business in this city, then and there did defraud said firm of Correa

Hermanos of its interests, in that on different days of the year 1940, and while the first of said defendants acted as messenger and the second as clerk of said commercial firm, the messenger carried several packages of merchandise bought at the store by clients, to various parts of the town of Bayamón, collected the price thereof, and failed to deliver the moneys to the firm of Correa Hermanos, entering later into an agreement with Martínez Cortés, the clerk, to divide between themselves the proceeds of the collections, thus defrauding the firm of Correa Hermanos of its interests.

"Pursuant to a search warrant, issued by the Hon. Judge of the Municipal Court of Bayamón, the residence of Jesús Díaz Vázquez was searched, and there was found therein the sum of $66, which together with $10.32 that were found in his possession, and two affidavits subscribed by the defendants in this case, are made' part of this complaint as evidence in this case."

After the case had been appealed to the District Court of Bayamón, the court sentenced both defendants to six months' imprisonment in jail and to the payment of costs. Both defendants have appealed to this court.

■ The prosecuting attorney has moved to dismiss the appeal interposed by defendant Ramón Martínez Cortés because the latter had not served the notice of appeal on the District Attorney of Bayamón until 3½ months after the expiration of the statutory 30-day period for taking an appeal and serving such notice on the district attorney.

It does not appear from the record of the case that the district attorney was ever notified of the appeal interposed by Ramón Martínez Cortés.

There is no evidence in the case to show that the district attorney has performed any acts indicating that he knew of the existence of the appeal before the expiration of the time for appeal available to defendant Martínez. The intervention of the district attorney in the approval of the transcript of the evidence took place on December 12, 1941, that is, almost three months after the term for appeal had elapsed. We do not think that application can be made herein of the rule laid down by this court in the cases of *People* v. *Cruz,*

57 P.R.R. 808, and *People* v. *Varela*, 41 P.R.R. 879, to the effect that "an appeal can not be dismissed, in spite of the fact that the district attorney was not served with copy of the notice of appeal, when the evidence clearly reveals that the district attorney knew that the appeal had been taken, since he had intervened in the approval of the transcript of the evidence, and that if the statute was substantially complied with, the dismissal did not lie." This rule was also set forth in the case of *People* v. *Loubriel,* 54 *D.P.R.* 1010, a *per curiam* decision, and was extensively discussed in the case of *Casasús* v. *White Star Bus Line, Inc.,* 58 P.R.R. 864, where a distinction was made as to the application of the rule to cases in which the term for appeal is thirty days. In the latter case this court said (pp. 873–874):

"So that the court not only had in mind when deciding these cases that the district attorney knew that the appeal had been taken and that he had been served with copy of the motion requesting the court to order the preparation of the transcript of the evidence, in which motion defendant stated that he had appealed from the judgment rendered against him, but also the fact that all this was done within the period which the statute granted the defendant to appeal, that is, six months. In other words, the notification to the adverse party or the substantial compliance with the statute was effected within the term fixed by law. In criminal as well as in civil cases the adverse party must be served with copy of the notice of appeal within the period fixed by law before this court can acquire jurisdiction.

"As the co-plaintiff Isabel Casanova widow of Casasús was served with copy of the notice of appeal after the period of thirty days which the statute provides had elapsed, this court lacks jurisdiction over this appeal and in consequence thereof the appeal is dismissed."

As the instant case originated in a municipal court, the term for appeal is also thirty days and not six months (§345, Code of Criminal Procedure), and hence, applying the rule, the result is that the district attorney was served with no-

tice of appeal after the statutory term had elapsed. The appeal taken by Ramón Martínez Cortés, must, therefore, be dismissed.

■ We now proceed to consider the assignment of errors made by the appellant, the first of which reads as follows:

"That the court lacked jurisdiction to try the case and render judgment, as the municipal court had no jurisdiction to entertain originally the judicial proceedings in the case."

The appellants have divided this assignment into two parts, to wit: (*a*) that there is no allegation of the amount or sum of money appropriated by the defendants, which allegation is necessary to enable the court to determine whether the offense is a felony or a misdemeanor; and (*b*) that the place where the embezzlement was supposedly committed is not alleged.

If the complaint is examined it will be noticed that it is true that the amount appropriated by defendants is not alleged; but the sums of money found in the possession of defendant Díaz—$66 and $10.32—are stated.

Undoubtedly the better practice is to state specifically in the complaint the exact amount of money alleged to have been unlawfully appropriated by the defendant. In this manner it is easier to determine, from a mere reading of the complaint, whether the court with jurisdiction to take cognizance of the case is the district court or the municipal court. In the case at bar, the defendants, one a clerk and the other a messenger, were charged in the complaint with having appropriated and divided between themselves the proceeds from certain merchandise taken from the commercial establishment in which both of them worked. That merchandise must necessarily have a value, and the fact that the complaint was filed in the municipal court, together with the statement made in said complaint to the effect that one of the defendants had in his possession sums of money aggregating $76.32, must be considered as sufficient informa-

tion to the defendants that the value of the property unlaw-
fully appropriated by them did not exceed $100, and that,
therefore, the municipal court had original jurisdiction to
try the case. If defendants desired to have a more detailed
information, their remedy was to file a motion for a bill of
particulars.

We also agree with the prosecuting attorney that the
cases of *People* v. *Delgado,* 50 P.R.R. 629 and *People* v. *Ga-
larza,* 60 P.R.R. 203, are applicable herein, for, although they
were larceny cases, there was no specification in the com-
plaints as to the value of the stolen goods.

■ Regarding the contention that the jurisdiction of the
Municipal Court of Bayamón to take cognizance of the case
has not been sufficiently established, as it is said in the com-
plaint that the events took place in "Dr. Veve St., No. 88,
in the municipal judicial district of Bayamón, P. R., which
forms part of the judicial district of Bayamón, P. R.," we
are of the opinion that this objection is not a ground for
reversal either. The allegations of the complaint are enough
to infer from them that the alleged facts took place within
the jurisdiction of the Municipal Court of Bayamón and that
said court had jurisdiction to take cognizance of the case, as
neither §23 of the Code of Criminal Procedure, regarding
the contents of a complaint, nor §82 of said code, relative to
requisites of an information, require that the exact place
where the events have taken place, be specified, it being suf-
ficient that the information (subd. 4, §82) set forth the fact
"that the offense was committed at some place within the
jurisdiction of the court. . . . "

In deciding this identical question and referring to the
same section and subdivision above cited, this court in the
case of *People* v. *Aranda,* 12 P.R.R. 302, 303, said:

"However, section 82 of the Code of Criminal Procedure, and
paragraph 4 discloses that an information is sufficient if it can be
understood therefrom that the offense was committed at some place

within the jurisdiction of the court. Less particularity, even, is necessary for a complaint than for an information, and 'it would be straining a point to dismiss a case where the former shows that the offense was committed within the judicial district of such municipal court. The action of the district court in dismissing the motion was properly taken. . ."

Moreover, this court has repeatedly held that the same precision is not required in complaints presented in the lower courts charging misdemeanors as in the information filed in the district courts charging felonies. (*People* v. *Cordero,* 27 P.R.R. 305; *People* v. *Bonilla,* 13 P.R.R. 41; *People* v. *Fontana,* 16 P.R.R. 626; *People* v. *Muñoz,* 22 P.R.R. 356; *People* v. *Ferrer,* 43 P.R.R. 945; *People* v. *Telmain Escalera,* 45 P.R.R. 433, 440, 441.)

In the case of *People* v. *Ortiz,* No. 9345, decided by this court on June 9, 1942 (*ante* p. 523), cited by the prosecuting attorney in his brief, it was said:

"As to the second point, the appellant relies on the fact that the complaint alleges that the accident took place at Km. 2–5 of the Cataño-Palo Seco Highway in the ward (*barrio*) of Palmas, and urges that, inasmuch as said complaint fails to specify whether said place belongs either to Cataño or to Palo Seco, no jurisdiction is conferred on either the Municipal Court of Bayamón originally or on the district court on appeal; for Palo Seco is included in the municipal judicial district of Toa Alta and Cataño is included in the municipal judicial district of Bayamón. The appellant is wrong, since it is specifically stated in the complaint that said Km. 2–5 of the Cataño-Palo Seco Highway, in the ward of Palmas, is 'within the municipal judicial district of Bayamón, which forms part of the judicial district of Bayamón, Puerto Rico.' "

█ The insufficiency of the complaint to support a judgment of conviction is urged in the second assignment of error.

The appellant also divides this assignment into two parts. The first one refers exclusively to defendant Martínez Cor-

tés, and we shall not consider it for the reason that we have already dismissed his appeal, as he did not comply with the statute.

The second part of said assignment reads as follows:

"That the allegations in the complaint 'in the store of Obdulio Correa,' then 'to the commercial firm of Correa Hermanos doing business in this city' and further on 'commercial firm of Correa Hermanos,' fail to express the legal personality of the party defrauded or its capacity to own property and enter into contracts relating thereto, or that the same be subject to appropriation."

We are of the opinion that the wording of the complaint is sufficient, and we agree with the prosecuting attorney that application should be made of the doctrine established on this same question in the case of *People* v. *Cardona,* 59 P.R.R. 713, 715, wherein this court, overruling the case of *People* v. *Matos,* 31 P.R.R. 563, said:

"The owners of such property might be natural or artificial persons, and the charge in the complaint that the defendant took the personal property in question 'with the criminal intent to deprive the legitimate owner of the free use of the property and to convert it to his own use,' and that the owner thereof was 'the commercial firm of this city, owned by Sr. M. Blanco y Co.,' is sufficient, even though it is not stated therein whether 'Sr. M. Blanco y Co.' was either a partnership, or a corporation, or an individual doing business under a trade name, because what matters is that it be a person either natural or artificial, qualified to own the stolen property, and upon this point we do not think there is any question."

The complaint herein is even more specific than the one in the case just cited, as it states that the place from which the property was taken is a grocery store belonging to Obdulio Correa and which is subsequently designated as "the commercial firm of Correa Hermanos, doing business in this city." So that the owner of the property embezzled was clearly identified.

The judgment of the lower court must be affirmed.